In the Robinson case, the following opinion was delivered by
The plaintiff proved that on the 30th March, 1850, the premises described in the complaint were sold and conveyed to him, and from that time until almost the middle of April, 1852, the defendant occupied the same, and the buildings thereon, as his tenant. He then gave evidence of acts of waste committed by the defendant upon the premises between March 30, 1850, and April 1, 1852. The greater part of the waste was done in 1850, but some of it after the 11th January, 1852, and before the 1st April, 1852. It was conceded that the plaintiff, by deed, sold and conveyed the premises to Mary White in April, 1852. The defendant claimed that the conveyance had been executed on the 2d September, 1851, the day it bore date, but the judge permitted the plaintiff to prove that it was not delivered until April, 1852. It can make no difference, as respects the principal question in the case, whether the plaintiff parted with his reversionary interest in September, 1851, or in April, 1852, as he had, unquestionably, granted and conveyed such interest to another before suit brought.
The judge, upon being requested, declined to charge, but on the contrary charged the converse of the propositions: 1st. That the deed of the plaintiff to Mary White of September 2, 1851, operated to grant over the plaintiff's reversion, and all claim on account of any injury to his reversionary estate; and, 2d. That the action cannot be maintained unless the plaintiff's reversion be at the time of the action brought in the same state that it was at the time of the waste done. This substantially raised the question whether a reversioner, who aliens his estate after waste committed, may, after such alienation, maintain an action for such waste; or, whether to entitle a party to maintain an action in the nature of an action for waste, the reversion must be in him at the time of action brought in the same state as when the waste was committed. I think that a party may recover after alienation for waste done whilst the title to the premises and the reversionary interest was in him. *Page 265 
I have explained my views, and given my reasons for this opinion, in the case of White v. Wheeler, at the present term, and it is unnecessary to repeat them.
The defendant offered to show that the plaintiff's grantee, in a prior action, had recovered for the waste done after the 2d September, 1851, but the judge excluded the evidence. There was no error in this; the proof could in no way affect the plaintiff's right. It was not his fault if the defendant had suffered a recovery against him by some other person for this waste, who, by law, had no right to recover. It was clearly by some neglect or omission of his own, if the defendant suffered a recovery against him by a person not entitled thereto, and he cannot set that up to defeat the plaintiff's right of action.
There was nothing in the objection to the court receiving evidence that the deed of the plaintiff to Mrs. White was not delivered until April, 1852. The plaintiff was entitled to recover for all acts of waste committed during the time the reversionary interest remained in him. A deed can convey nothing until it is delivered, and hence it is always open to show when a deed is actually delivered. The execution and recording of it is only presumptive evidence of its delivery. This was not a case for the application of the doctrine of estoppel. The defendant being liable to respond to the owner of the reversion it was open to both parties to show, as best they could, the precise period of time when the ownership ceased.
The judgment of the Supreme Court should be affirmed.
DAVIES, SELDEN, GOULD and SMITH, Js., concurred; SUTHERLAND and ALLEN, Js., concurred with DENIO, Ch. J., for reversal.
Judgments affirmed. *Page 266